(No. 10896.—Rule made absolute.)

THE PEOPLE *ex rel.* The Marion County Bar Association, Relator, *vs.* CHARLES H. HOLT, Respondent.

*Opinion filed June 21, 1917.*

1. DISBARMENT—*fact that disbarment proceedings were instituted because of personal hostility will not relieve the respondent if charges are true.* The fact that charges of unprofessional conduct against an attorney would not have been made except for personal hostility against him will not relieve the court from the duty of investigating the charges nor the respondent from disbarment if they are found to be true.

2. SAME—*adverse circumstances will not excuse misappropriation of funds.* The fact that an attorney was in adverse circumstances and his necessities great will not afford justification for the misappropriation of money which does not belong to him.

3. SAME—*fact that fraudulent alteration by attorney was before the bill of exceptions was signed does not excuse the act.* The fact that the fraudulent alteration by an attorney of a bill of exceptions was before the bill had been settled and signed does not change the fraudulent character of the act nor relieve the attorney from its consequences.

INFORMATION to disbar.

GEORGE B. GILLESPIE, for relator.

W. H. GREEN, and JAMES H. SMITH, for respondent.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Leave of this court having been obtained, an information was filed on June 22, 1916, in the name of the People, on the relation of the Marion County Bar Association, against the respondent, Charles H. Holt, charging him with unprofessional conduct and praying that his name be stricken from the roll of attorneys of this court. An answer tendering issues of fact and a replication thereto having been filed, the issues were referred to Hon. Albert Watson as a commissioner of this court to hear the evidence and report to the court his conclusions of fact and law. The evidence was taken and the commissioner made his report sustaining all the charges and recommending the disbarment of the respondent. Objections to the findings were filed with the commissioner and overruled by him. The respondent filed in this court the transcript of the evidence, and the cause has been heard upon exceptions to the report of the commissioner.

The information contains twenty specifications. The first one charges the respondent with fraudulently substituting a sheet in a bill of exceptions altering the testimony of a witness in a material matter. Following this specification are fifteen charging the respondent with misappropriation of funds which came to his hands as master in chancery of the circuit court of Marion county. Seven of them, numbered 2, 3, 5, 7, 8, 10 and 11, relate to costs in various suits, and the remaining eight, numbered 4, 6, 9, 12, 13, 14, 15 and 16, relate to sums of money in the hands of the respondent for distribution to parties entitled thereto.

Specifications numbered 17, 18 and 19 charge the fraudulent conversion of moneys collected by the respondent as an attorney, and the one numbered 20 charges the respondent with knowingly misrepresenting the facts as to certain property in St. Louis, as to its being rented and occupied and the income therefrom, and procuring the execution and acknowledgment of a deed in blank.

It was proved that the respondent had committed each one of the acts with which he was charged by the information, and it cannot be seriously contended that he did not. His counsel say that·the making of the charges and the proceeding for disbarment were inspired by political animosity and personal malice. The commissioner selected by the court to hear the evidence, and who had opportunities to observe the demeanor and apparent feeling of the parties during the hearing, found otherwise, but if it were true that the charges would not have been made except for personal hostility, it would neither relieve the court from the duty of investigating the charges nor the respondent from disbarment if they were found to be true. As to the fraudulent alteration of a bill of exceptions, it appears that the alteration was in the transcript prepared for presentation to the trial judge as a bill of exceptions but which had not been settled and signed, so that it had not become a bill of exceptions in the legal sense. The substitution was made for a fraudulent purpose and was not made known to the opposite party or to the judge but was discovered before the bill was finally settled and signed. In common parlance it was a bill of exceptions and was properly so termed. As to the misappropriation, either as master in chancery or attorney, the excuse offered is the misfortunes and financial needs of the respondent, and it appears that the respondent was in adverse circumstances and his necessities were great, but they do not afford justification for the misappropriation of money which did not belong to him. It is also alleged that a failure to account for the money was due to the fail-

ure of John S. Stonecipher, who conducted a bank in Salem and was a friend and ally of the respondent. It appears that the respondent loaned money to Stonecipher and deposited money with him, but neither the conduct of Stonecipher nor his failure had anything to do with the loss or misappropriation of at least a good part of the funds in question.

The exceptions to the report of the commissioner are overruled, the rule is made absolute and the name of the respondent will be stricken from the roll of this court.

*Rule made absolute.*